Martin F. Casey, Esq.
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROWE INTERNATIONAL CORP.

          Plaintiff,

    - against -

M/V APL PERU her engines, boilers, tackle, etc.;
HLL ATLANTIC SCHIFFAHRT GmbH & CO KG;
HANSEATIC LLOYD SCHIFFAHRT GmbH & CO
KG and HYUNDAI MERCHANT MARINE CO.
LTD.

          Defendants.
------------------------------------------------------------X

09 Civ.

**COMPLAINT**



**'09 CIV 8054**

RECEIVED
SEP 21 2009
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.    Plaintiff, Rowe International Corp., is a corporation with a place of business located at 1500 Union SE, Grand Rapids, Michigan 49507, and is the cargo receiver and/or consignee of a consignment of brackets and locks laden on board the M/V APL PERU, as more fully described below.

      3.    Defendant, HLL ATLANTIC SCHIFFAHRT GmbH & CO KG, (hereinafter "Atlantic") is a corporation or other business entity with a place of business located at

Contrescarpe 45, Bremen 28195, Germany, was and still is doing business in this jurisdiction directly and/or through an agent and was at all times the owner, operator, manager and/or charterer of the M/V APL Peru.

4.   Defendant, HANSEATIC LLOYD SCHIFFAHRT GmbH & CO KG, (hereinafter "Hanseatic") is a corporation or other business entity with a place of business located at Contrescarpe 45, Bremen 28195, Germany, was and still is doing business in this jurisdiction directly and/or through an agent and was at all times the owner, operator, manager and/or charterer of the M/V APL Peru.

5.   Defendant, HYUNDAI MERCHANT MARINE CO. LTD., (hereinafter "Hyundai") is a corporation or other business entity with a place of business located c/o Hyundai America Shipping Agency, Inc., 65 Challenger Road, 4th Floor, Ridgefield Park, New Jersey 07660, was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting in the capacity of a common carrier of goods by water.

6.   At all material times, the M/V APL PERU was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7.   At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V APL PERU, as common carriers of merchandise by water for hire.

8.   Plaintiff was the consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for

the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

9. On and about September 28, 2008, a consignment consisting of 179 cartons Brackets and Locks and laden into container CAIU 8066599, then being in good order and condition, was delivered to defendants and the M/V APL PERU at the port of Hong Kong for transportation to Chicago, Illinois via Seattle, Washington in consideration of an agreed freight pursuant to Hyundai bill of lading no. HDMU HKCI9678266 dated September 28, 2008.

10. Thereafter, the aforementioned consignment was loaded aboard the M/V APL PERU, Hyundai issued its bill of lading and the vessel sailed for its intended ports of destination.

11. On or about October 5, 2008 a fire broke out on board the vessel, causing damage to certain of the cargo laden on board, including plaintiff's cargo.

12. On or about October 17, 2008 the subject container was discharged from the vessel.

13. The damage to the aforementioned consignment did not result from any act or omission on the part of plaintiff or shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants and/or the unseaworthiness of the M/V APL PERU.

14. By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $3,000.00, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        September 21, 2009
        115-977

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                                        By: *Martin F. Casey* (signature)
                                        Martin F. Casey (MFC-1415)
                                        65 West 36th Street, 9th Floor
                                        New York, New York 10018
                                        (212) 286-0225

4